# GROSSMAN & RINALDO
## ATTORNEYS AT LAW

STUART J. GROSSMAN
PAUL P. RINALDO

108-18 QUEENS BOULEVARD
8TH FLOOR, SUITE 5
FOREST HILLS, NEW YORK 11375
(718) 520-8722
FAX (718) 793-0894
E-MAIL: grossmanrinaldo@aol.com

January 15, 2014

VIA ECF

The Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: **United States v. Jonathan Scott**
> **Docket No. 13-CR-125-05(JBW)**

Dear Judge Weinstein:

Growing up poor, having no relationship with his drug addicted father, and living with a mother who was a borderline marijuana addict, eighteen year old Jonathan Scott leaves home to make his mark in the world. Living with friends and on the streets, he manages to survive with help from his family and sporadic employment. He works for UPS for two months in 2007 and for the next two plus years supports himself by doing odd jobs. Tired of his lot in life, he turns to selling drugs in Brooklyn in order to survive. Later, he moves to Vermont and continues his illegal behavior.

On March 19, 2013, Jonathan was arrested in Vermont for the charges noted in ¶32 of the report. I spoke with his Vermont attorney, Jessica Brown, and she confirmed that the prosecutor initially discussed a sentence in the 2 to 4 year range. On April 26, 2013, while still in custody in Vermont, Jonathan was arrested for this case and transferred to Brooklyn. Since he was first arrested and incarcerated by Vermont authorities, my understanding is that he is receiving jail credit for the Vermont case and no credit for this federal case.

So far, Jonathan's story is all too similar to scores of other stories the Court has borne witness to throughout the years. However, Jonathan's life was forever changed when he met his fiancee, Dorothy Mack. This full-time teacher and graduate student

has had a profound effect on him. When I read her statement to the probation officer (¶41 of the report), I was struck by the depth of her devotion to Jonathan. This loving, articulate woman describes him as a "dynamic and charismatic" man who "has the ability to be empathetic of the needs of others". Ms. Mack believes that he has learned his lesson and this experience, along with her personal situation discussed in paragraph ¶41, has forever changed him.

    I respectfully echo Ms. Mack's request that the Court be as lenient as possible and impose a sentence below the advisory guidelines. Thank you for your attention.

                                        Respectfully submitted,

                                        Stuart J. Grossman

cc: AUSA Matthew S. Amatruda, Via ECF
    U.S. Probation Officer Jeremy S. Neiss, Via Regular Mail
    Jonathan Scott